UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

IN RE:

MICHAEL S. TIRIKOS,
SUSAN N. TIRIKOS,

      Debtors.
_____//

Case No.: DK 18-04459
Chapter 13
Hon. Scott W. Dales
Filed: October 24, 2018

**TRUSTEE'S OBJECTION TO APPLICATION FOR ADDITIONAL ATTORNEY FEES AND/OR RECOVERY OF COSTS ADVANCED**

**NOW COMES** Barbara P. Foley, Trustee, by and through her Attorney, Courtney K. Roberts, and for her *Objection to Debtor's Application for Additional Attorney Fees and/or Recovery of Costs Advanced* [DN 70] states as follows:

1.    Michael and Susan Tirikos ["Debtors"] filed a petition for relief under Chapter 13 of the United States Bankruptcy Code on October 24, 2018. The case has never been converted, dismissed, or reinstated.

2.    The Trustee is objecting to the fee application because the Notice accompanying the fee application does not provide accurate information regarding the impact the fees will have on the plan, and to put Debtors' counsel on notice of concerns regarding lumped fee entries.

3.    The Chapter 13 plan was confirmed by Order entered April 20, 2019, with the Order including approval for $3,650.00 in attorney fees [DN 38].

4.    Debtor's counsel was awarded additional compensation of $3,679.00 by Order entered January 28, 2020 [DN 52].

5.    On July 30, 2021, Debtors' counsel filed a second Application for Additional Attorney Fees and/or Recovery of Costs Advanced [DN 70], seeking approval for additional compensation in the amount of $1,658.53.

6. Debtors' corrected First Pre-Confirmation Amended Chapter 13 Plan indicated that the minimum dividend to general unsecured creditors of $25,000.00 would not be reduced by additional administrative fees, including additional attorney compensation [DN 34].

7. This guarantee of a minimum $25,000.00 dividend to general unsecured creditors has not been altered by Debtors' subsequent amendments [DN 46, 49, 64 & 66].

8. The Trustee objects to the fee application because the Notice accompanying it indicates that allowance of the additional compensation requested will reduce the dividend to general unsecured creditors, as well as delay payment to general unsecured creditors [DN 70, page 6].

   a. The fee application alone cannot reduce the dividend to general unsecured creditors. 11 U.S.C. § 1327(a).

   b. Debtors extended the duration of their Chapter 13 plan earlier this year under the CARES Act to maintain feasibility [DN 66].

   c. The Chapter 13 plan appears to be running approximately 72 months from filing, and 66 months from confirmation.

   d. The allowance of the additional compensation appears to extend the Chapter 13 plan by another month. LBR 2016-2(d)(5).

9. "Any professional requesting compensation under § 330(a) has the burden of proving entitlement to an award." *In re Clinkscale,* 525 B.R. 399, 403 (W.D. Mich. Bankr. 2015), citing *In re Ulrich,* 517 B.R. 77, 80 (Bankr. E.D. Mich. 2014) and *In re Boddy,* 950 F.2d 334, 337 (6th Cir. 1991); *In re Acevedo*, 2014 WL 6775272 (Bankr. W.D. Mich 2014).

10. In an October 14, 2020, itemized billing entry, Debtors' counsel is billing .4 hours of attorney time for preparing *and filing* the response to the Trustee's motion to dismiss [DN 70, page 3].

11. Although the Response to Trustee's Motion to Dismiss [DN 60] was reasonably informative and its preparation clearly took up the bulk of the time in the itemized entry [DN 70, page 3, 10/14/20], the Trustee objects to the fee application to note that drafting and filing are separate activities that should be separately itemized, and that possibly require different rates of billing; these should be separated in fee applications going forward. 11 U.S.C. § 330(a)(3)(b) & (d).  LBR Exhibit 5, ¶¶ 3, 4 & 9.

**WHEREFORE,** the Trustee respectfully requests that the Court deny the Application for Additional Attorney Fees and/or Recovery of Costs Advanced [DN 70], unless Debtors' counsel corrects the Notice given to Debtors of the true impact of the additional compensation on their Chapter 13 plan, and grant such other relief as may be just and equitable.

Respectfully submitted,

BARBARA P. FOLEY
CHAPTER 13 TRUSTEE

August 6, 2021

/s/ Courtney K. Roberts
Courtney K. Roberts (P64717)
Attorney for Barbara P. Foley, Chapter 13 Trustee
P.O. Box 51109
Kalamazoo, MI  49005-1109
Phone:  (269) 343-0305
E-Mail: croberts@chpt13.com